IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONIKA CARNEY, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Demanded |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN CORADIUS | ) | |
| INTERNATIONAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

Plaintiff Monika Carney, individually and on behalf of all others similarly situated, brings this action to secure redress against unlawful collection practices engaged in by Defendant American Coradius International LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by Plaintiff within this District;

    b. Defendants do or transact business within this District.

## PARTIES

3.      Plaintiff Maureen Mark ("Plaintiff") is an individual who resides in the Northern District of Illinois.

4.      Defendant American Coradius International LLC ("ACI"), is a limited liability company chartered under Delaware law with its principal place of business at 2420 Sweet Home Road, Ste 150, in Amherst, NY 14228. It does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

5.      ACI is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, ACI conducts business in Illinois.

6.      Moreover, ACI is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

7.      In fact, ACI acts as a debt collection agency in Illinois.

8.      ACI collects or attempts to collect alleged defaulted consumer debts owed, if at all, to others.

9.      ACI uses the mails and telephone system in conducting its business.

10.     ACI is thus a "debt collector" as defined in 15 U.S.C § 1692a(6) of the FDCPA.

## FACTS

11.     ACI has been attempting to collect from Plaintiff an alleged debt owed to Citibank, N.A. ("CITI") that was originated from a consumer credit account used for

personal, family and household purposes, ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default and was charged-off by CITI.

13. CITI thereafter placed the account with ACI for the purpose of collection of the alleged debt from Plaintiff.

14. On or about April 29, 2014, ACI sent Plaintiff an initial collection letter ("First Letter") for the purpose of collecting the alleged debt. (Exhibit C, Collection Letter).

15. The First Letter conveyed information regarding the alleged debt, including an account number, the identity of the original creditor, and a current balance alleged as being due from Plaintiff.

16. The First Letter is a communication as that term is defined at § 1692a(2) of the FDCPA.

17. The First Letter is a form letter.

18. The First Letter states: "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

19. ACI was not authorized to add "late charges" to Plaintiff's account when the First Letter was mailed, as collection of those charges was not authorized by any agreement, or allowed by law.

20. ACI was not authorized to add "other charges" to Plaintiff's account when the First Letter was mailed, as collection of those charges was not authorized by any agreement, or allowed by law.

21. The amount of the alleged debt sought from Plaintiff by ACI did not vary from day to day, in the six month period after the First Letter was mailed.

22. As a standard practice, CITI waives interest, late charges, and other charges on credit card debts after charge-off, for as long as the debts are held by the bank.

23. On information and belief, CITI Bank waived interest on Plaintiff's alleged debt.

24. It is the policy and practice of CITI to not charge interest on credit card debts after charge-off.

25. On information and belief, CITI did not charge interest on Plaintiff's alleged debt after charge-off.

26. On information and belief, CITI informed ACI that finance charges were only assessed on Plaintiff's account up to the time of charge-off, and that the charges will not be imposed thereafter.

27. Defendant was not authorized to add "interest, late charges, and other charges" to Plaintiff's account, as the creditor, CITI, waived its right to do so by not sending periodic statement to Plaintiff after charge-off, which evidences CITI's waiver of its right to charge interest, late charges, and other charges. When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry*

*Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5 (b)(2)(i).

28. In fact, at no time did ACI or CITI have a legal right to add interest, late charges and other charges to Plaintiff's account, yet ACI falsely threatened that imposition of additional amounts was possible.

29. On or about September 9, 2014, ACI mailed a second letter ("Second Letter") to Plaintiff c/o her attorney in connection with the collection of the alleged debt. (Exhibit D, Collection Letter).

30. Despite the threat in the First Letter that interest, late charges, or other charges may be imposed, the "Account Balance" stated in the Second Letter was the same "Account Balance" stated in the First Letter mailed over four months earlier.

31. 15 U.S.C. §1692e provides:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

32. ACI violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10), by falsely representing that interest, late charges and other charges may increase the amount allegedly due when in fact, neither CITI nor ACI had legal authority to do add interest, late charges or other charges to the balance. Such actions violate the FDCPA. *See Lox v.*

*CDA*, 689 F.3d 818, 825 (7th Cir. 2012); *Ruth v. Triumph P'ships*, 577 F.3d 790, 801 (7th Cir. 2009); *Gonzalez v. Arrow Fin. Servs.*, LLC, 660 F.3d 1055, 1063 (9th Cir. 2011).

33. 15 U.S.C. §1692f provides:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

34. ACI violated 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect a debt by unfairly threatening the imposition of "interest, late charges and other charges."

35. A threat of imposition of "interest, late charges and other charges" would lead an unsophisticated consumer to believe that said charges may be added to the alleged debt if payment were not made as demanded in the First Letter. It is an unfair means to collect—the threat of additional potential charges—because there is no legal possibility for said charges to be added.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FDCPA—CLASS CLAIM

37. Plaintiff re-alleges the foregoing paragraphs.

38. ACI violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by falsely representing that interest, late charges and other charges may increase the amount allegedly due when in fact, neither CITI nor ACI had legal or contractual authority to do so.

39. ACI violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect a debt by threatening the imposition of interest, late charges and other charges, which is unfair because such charges cannot legally be imposed upon Plaintiff.

## CLASS ALLEGATIONS

40. Plaintiff re-alleges the foregoing paragraphs.

41. Plaintiff, Monika Carney, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom ACI attempted to collect a delinquent consumer debt originated with CITI, upon which ACI sent a letter, in the form of the First Letter, falsely representing that interest, late charges and other charges may increase the amount allegedly due when in fact, CITI and ACI had no legal or contractual authority to charge interest, late charges, or other charges.

42. The members of the class are so numerous that joinder of all is not practicable.

43. Plaintiff Carney's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44. The Class consists of more than 35 persons from whom ACI attempted to collect delinquent consumer debts, by mailing the type of Letter that was mailed to Plaintiff.

45. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. ACI has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46. Plaintiff Carney will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because ACI's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Carney has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class defined above, and against Defendant ACI, for:

(1) Statutory damages from each Defendant;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                By: /s/ Mario Kris Kasalo
                Mario Kris Kasalo